UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VENANCIO MARTIN VASQUEZ AGUILAR,<br><br>               Petitioner,<br><br>    v.<br><br>WARDEN,<br><br>               Respondent. | No.  2:26-cv-01318-DAD-SCR<br><br><br>ORDER GRANTING THE PETITION FOR WRIT OF *HABEAS CORPUS* AND DENYING THE MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(Doc. Nos. 1, 2) |

On April 6, 2026, petitioner, proceeding *pro se*, filed a petition for writ of *habeas corpus* and motion for temporary restraining order seeking his immediate release from respondent's custody.  (Doc. Nos. 1, 2.)  Petitioner is a native and citizen of Guatemala who entered the United States in 2012 without inspection.  (Doc. No. 1 at ¶¶ 1–2.)  Petitioner contends that he has no serious criminal history (*Id.* at ¶ 8), and alleges that on March 2, 2026, he was taken into immigration custody while traveling home from work.  (*Id.* at ¶ 9.)  On April 6, 2026, the court issued an order directing respondent to file an opposition to the pending motion indicating whether this case is substantively distinguishable from the situation addressed in the court's prior order in *Quichimbo-Jimenez v. Warden, California City Corr. Ctr.*, No. 2:26-cv-00739-DAD-EFB, 2026 WL 679378 (E.D. Cal. Mar. 10, 2026).  (Doc. No. 4.)

/////

1

On April 8, 2026, respondent filed an opposition arguing that petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b), but nonetheless, conceding that this case is not materially distinguishable from *Quichimbo-Jimenez*. (Doc. No. 8 at 1–2.) Respondent has also indicated that respondent is amenable to the court converting the motion for temporary restraining order into a motion for preliminary injunction and encourages the court to rule on the merits of the underlying petition based upon the briefing currently before it. (*Id.* at 1.)

Pursuant to the reasons set forth in *Quichimbo-Jimenez*, the court rejects respondent's argument that petitioner is lawfully detained pursuant to § 1225(b). Furthermore, because respondent unlawfully detained petitioner pursuant to § 1225(b), the court incorporates the reasoning set forth in its prior orders *Cardenas v. Chestnut*, et al., No. 1:26-cv-02073-DAD-SCR (HC), 2026 WL 785871, at *2 (E.D. Cal. Mar. 20, 2026) and *J.P.C. v. Chestnut*, No. 1:26-cv-02108-DAD-JDP, 2026 WL 788129 (E.D. Cal. Mar. 20, 2026) and concludes that the appropriate remedy under the circumstances presented here is to order petitioner's immediate release from respondent's custody.

For the reasons explained above,

1.   Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:

     a.   Respondent is ORDERED to immediately release petitioner Venancio Martin Vasquez Aguilar, A-File No., 221-498-017, from respondent's custody;

     b.   Respondent is ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without written notice and a hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its implementing regulations, with the burden at that pre-detention hearing being set by those implementing regulations.

2.   Petitioner's motion for a temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order granting habeas relief on the merits;

2

3.    The Clerk of the Court is directed to serve the California City Corrections Center with a copy of this order; and

4.    The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated:    **April 8, 2026**                                _____

                                                          DALE A. DROZD
                                                          UNITED STATES DISTRICT JUDGE

3